IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEBORAH GASKE et al**, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:18-cv-02630-JMC |
| **CRABCAKE FACTORY SEAFOOD HOUSE, LLC et al,** | | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On August 25, 2018, Plaintiff Deborah Gaske brought this collective action pursuant to, *inter alia*, the Fair Labor Standards Act 29 U.S.C. § 201 ("FLSA"). (ECF No. 1). The Defendants against whom Plaintiff brought this case include: (1) Crabcake Factory Seafood House, LLC ("Defendant Seafood House"), (2) Satellite Restaurants Inc. Crabcake Factory USA ("Defendant Satellite"), (3) John J. Brooks, and (4) Krista Schrider. *Id.* On May 8, 2023, the Court issued a Memorandum Opinion and Order (ECF No. 203) ("the Successor Liability Discovery Opinion and Order") permitting Plaintiffs to "pursue successor liability discovery solely as to RCB Crabcake, LLC for a period of ten (10) weeks." *Id.* at p. 11.[1] Presently before the Court are two motions: (1) Motion of Non-Party CCK Holdings, LLC ("CCK") for a Protective Order and to Quash Subpoenas (ECF No. 207), and (2) Plaintiffs' Motion for Extension of Time for Successorship Liability Discovery and Status Report. (ECF No. 208). Regarding CCK's Motion, the Court has further considered Plaintiffs' Opposition (ECF No. 209) and CCK's Reply (ECF No. 212). Regarding Plaintiffs' Motion, the Court has further considered Defendant Brooks' Opposition (ECF No. 210) and CCK's Opposition (ECF No.

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of every electronically filed document.

211).[2] The Court concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons fully explained below, the Court will deny Plaintiffs' Motion without prejudice as to Plaintiffs' ability to pursue the issue of successor liability discovery as to Defendant Seafood House following the entry of final judgments, if any, against Defendant Brooks, Defendant Schrider, and Defendant Seafood House. Furthermore, the Court will grant CCK's Motion to the extent that the Court will protect CCK from further discovery at this juncture, and the Court will quash any subpoenas served upon CCK.

## I.     RELEVANT BACKGROUND

In its May 8, 2023 Successor Liability Discovery Opinion and Order, the Court summarized the lengthy and complicated posture of the case *sub judice*. *See* (ECF No. 203 at § I. Relevant Background, pp. 1–3). Accordingly, the Court hereby fully adopts and incorporates that portion of its Successor Liability Discovery Opinion and Order as if fully set forth herein. On May 16, 2023, the Court issued an Order providing that "[t]he period of successorship discovery shall close on July 25, 2023."[3]

On June 22, 2023, Plaintiffs issued two subpoenas against CCK: (1) a subpoena duces tecum seeking the production of successor liability discovery by July 17, 2023, and (2) a deposition subpoena for the purpose of authenticating documents produced and/or answering any questions related to those documents. (ECF No. 208 at p. 1; ECF No. 209 at p. 2). These subpoenas were delivered to CCK's resident agent on June 26, 2023, but CCK's counsel—Mr.

---

[2] Plaintiffs' deadline for filing a reply in support of their Motion is August 11, 2023. Although Plaintiffs have yet to file a reply, the Court is able to reach its conclusions absent such a filing because both Motions concern the same subject matter (i.e., successor liability discovery), and, therefore, filings have become duplicative and informative on the exact same issue.

[3] This May 16, 2023 Order further provided a briefing schedule in the event that Plaintiffs decided to file a motion in pursuit of successor liability.

Lawrence Katz—was unable to contact Plaintiffs' counsel until July 7, 2023.[4] (ECF No. 209 at p. 2). Due to a combination of slow delivery and holidays, CCK's counsel first received a copy of the subpoenas when he returned to his office on July 5, 2023.[5] (ECF No. 212 at p. 2, n. 2). CCK faced a deadline of July 10, 2023, to object to the subpoenas served against it. *Id.* at p. 2. Because CCK is not a party to the case *sub judice*, CCK's counsel had to act with urgency in familiarizing himself with the history of this long-lived case and the unique posture in which it currently resides. *Id.* On July 7, 2023, CCK's counsel attempted to contact Plaintiffs' counsel *via* telephone, but CCK's counsel had to leave a voicemail. *Id.* at p. 3. After leaving a voicemail, CCK's counsel then emailed Plaintiffs' counsel that same day. *Id.* However, Plaintiffs' counsel did not respond to CCK's counsel until July 10, 2023, and that response indicated that Plaintiffs' counsel could not schedule a time to talk with CCK's counsel until July 11, 2023. *Id.* Of course, July 11, 2023, fell outside of CCK's deadline for objecting to the depositions. Therefore, CCK's counsel filed CCK's Motion on July 10, 2023. Along with CCK's Motion, CCK's counsel filed a certificate pursuant to Loc. R. 104.7 (D. Md. 2023) certifying the effort he made to discuss with Plaintiffs' counsel CCK's objections to the subpoenas. (ECF No. 207-2). Plaintiffs seek the Court's denial of CCK's Motion because Plaintiffs believe that "CCK made no sincere and genuine effort to resolve its disputes before filing a Motion for a Protective Order." (ECF No. 209 at p. 4). Despite this, Plaintiffs indicate that "[t]he process and negotiations with CCK are ongoing, but productive[.]" *Id.* at p. 3.

---

[4] While setting forth the timeline regarding the service and receipt of the subpoenas, the Court struggles to glean from the briefings exactly how that timeline unfolded. As previously indicated, both Motions relate to the identical subject matter, and the amount of briefing has provided the parties with ample opportunities to contradict themselves or confuse what should be a clear timeline of events.

[5] CCK contends that Plaintiffs were aware of Mr. Katz's role as CCK's counsel since Plaintiffs were served with Mr. Katz's notice of appearance as counsel for CCK in Defendant Satellite's bankruptcy proceedings. Despite this, Plaintiffs never attempted to alert Mr. Katz of the subpoenas served against his client. Although Plaintiffs were not required to do so, the Court would suggest that several of the disputes now before it could have been avoided with a simple courtesy phone-call or email.

As already indicated, Plaintiffs' Motion also acts as a status report. Therein, Plaintiffs inform the Court that on July 6, 2023, the United States Bankruptcy Court issued an Order lifting the automatic stay as to Defendant Brooks. (ECF No. 208 at p. 4). Specifically, that Order provides:

> [T]he Automatic Stay pursuant to 11 U.S.C. § 362(a) shall be, and hereby is, terminated, as to Movant's claims against Debtor in *Gaske et al. v. Satellite Restaurants, Inc. Crabcake Factory USA*, 18-2630 JMC (D. Ct. MD), including as to any appeals, only for the purpose of having the amounts of the Movants' claims against the Debtor, including attorneys' fees and costs, to be liquidated and determined. Enforcement of any judgment by Movants remains subject to the automatic stay and further Order from this Court. This Order shall not lift the Automatic Stay as to any defamation or retaliation claim, absent further Order of this Court. The Adversary Proceeding, *Gaske et al. v. John Joseph Brooks*, Adv. Proc. No.: 22-00214-DER shall be stayed until a determination has been made by the Unites States District Court in *Gaske et al. v. Satellite Restaurants, Inc. Crabcake Factory USA*, 18-2630 JMC as to the amounts of monies owed to the Movants by the Debtor.

*In re: John J. Brooks*, Case No. 22-13753 DER, ECF No. 76 (Jul. 6, 2023).[6] Furthermore, on May 24, 2023, the United States Bankruptcy Court dismissed Defendant Schrider's Chapter 13 Bankruptcy. (ECF No. 208 at p. 4); *In re: Krista Schrider*, Case No. 22-13805 DER, ECF No. 76 (May 24, 2023) ("Debtor's Chapter 13 Bankruptcy shall be dismissed with prejudice . . . and . . . Debtor shall be barred from filing a bankruptcy petition for one year from the date of this Order.").[7] As such, the stays prohibiting this case from moving forward with trial have been lifted.

---

[6] The Court is citing to the specific docket entry issued by the United States Bankruptcy Court on its CM/ECF website.

[7] *See* n. 6.

## II. ANALYSIS

### a. CCK's Counsel Has Not Run Afoul of Fed. R. Civ. P. 26(c) or Loc. R. 104.7 (D. Md. 2023)

Pursuant to Fed. R. Civ. P. 26(c), a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Furthermore, Loc. R. 104.7 (D. Md. 2023) provides:

> Counsel shall confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court. A "reasonable effort" means more than sending an email or letter to the opposing counsel. It requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter.

The Court disagrees with the suggestion that CCK's counsel failed to adhere to the informal resolution requirements set forth by Fed. R. Civ. P. 26(c) and Loc. R. 104.7 (D. Md. 2023). Plaintiffs are overlooking the fact that they are attempting to pursue successor liability discovery at an unconventional juncture of this already prolonged case. CCK's counsel has certified to this Court that he was first informed of the subpoenas five days prior to CCK's objection deadline. CCK's counsel then took only two days to catch up to speed on this procedurally complicated case, and CCK's counsel called and emailed Plaintiffs' counsel with three days to go before the July 10, 2023 deadline. While the Court acknowledges the fact that July 7, 2023, was a Friday, Plaintiffs' counsel has provided no explanation as to why he did not respond to CCK's counsel's communication efforts until the July 10, 2023 objection deadline. The fact that the subpoenas were not served on CCK until June 22, 2023, at the earliest—over a

month after this Court agreed to permit Plaintiffs' pursuit of successor liability discovery—is not lost on the Court.  CCK's counsel has provided logical explanations for his delay in receipt of the subpoenas, and the Court will not disparage CCK's counsel's efforts.  Furthermore, the Court will excuse CCK's absence from the deposition noticed for July 17, 2023.

Regarding Plaintiffs' allegations of gamesmanship, the Court will not give them credence.  Although neither party indicates what efforts it made during the period between CCK's filing of its Motion and the noted July 17, 2023 deposition, the Court recognizes that both sides acknowledge their ongoing efforts in working together to resolve their disputes.

It is also curious to the Court, given its Successor Liability Discovery Opinion and Order, that Plaintiffs' discovery efforts were aimed at CCK, whom the Court specifically recognized was given protection from the Bankruptcy Court regarding successor liability discovery following its purchase of Defendant Satellite's assets.  While it is true that the Sale Order did not necessarily foreclose third party discovery from CCK regarding Defendant Seafood House's alleged successors (such as RCB Crabcake, LLC), the Court would expect such discovery to be narrowly tailored.  Although the Court need not provide a specific ruling regarding the types of documents Plaintiffs requested from CCK, the Court will note that even a cursory review of the requests indicates that they run afoul of Judge Chavez-Ruark's Sale Order issued in Defendant Satellite's bankruptcy proceedings.  *See generally* (ECF No. 209-1).  This is surprising considering the lengths the Court went to in its Successor Liability Discovery Opinion and Order to ensure the parties understood the necessity of strictly complying with the Sale Order.  Such effort from the Court included a verbatim recitation of the Sale Order along with the Court's emphasis of particularly relevant provisions.

### b. The Court Will Quash the Subpoenas, and the Court Will Not Extend Plaintiffs' Time to Pursue Successor Liability Discovery.

At the heart of the dispute presently before the Court is the scope of the Court's Successor Liability Discovery Opinion and Order permitting Plaintiffs' pursuit of "successor liability discovery solely as to RCB Crabcake, LLC . . . ." (ECF No. 203 at p. 11).  However, the Court need not address that issue because the Court concludes that this case should proceed with a trial on the merits against the parties that have been in the case since its inception.  In the Successor Liability Discovery Opinion and Order, the Court recognized that Plaintiffs' request was

> premised on legal principles not yet fully explored in the Fourth Circuit. Specifically, Plaintiffs are seeking discovery—prior to a final judgment against Defendant Seafood House—as to whether non-party RCB Crabcake, LLC (d/b/a Crabcake Factory West) could be held liable as a successor to Defendant Seafood House for FLSA violations.

*Id.* at p. 4.  To date, the Court is still "unaware of any caselaw which considers the situation Plaintiffs currently present, i.e., motioning for limited successor liability discovery prior to a final judgment being entered and over a year after discovery has closed." *Id.* at p. 5.  However, the Court is ever aware of its "inherent power . . . to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases . . . ." *Dietz v. Boudin*, 579 U.S. 40, 41 (2016).

At this time, nothing is preventing the parties from proceeding to trial on the merits of Plaintiffs' claims.  A limited period of successor liability discovery was permitted in light of the United States Bankruptcy Court's Automatic Stays as to Defendants Brooks and Schrider.  It is far more efficient—and conventional—to pursue a final judgment as to all Defendants, including Defendant Seafood House, before attempting to conduct discovery as to RCB Crabcake, LLC's potential status as a successor liable for such a judgment as against Defendant Seafood House.

7

To this end, the Court will not permit Plaintiffs to pursue any further successor liability discovery as to RCB Crabcake, LLC.[8]  The parties did not fully specify what documents CCK has voluntarily produced to this point so as to allow the Court to decide now whether CCK has fully met its discovery obligations regarding information it might possess concerning RCB Crabcake, LLC.  In light of its decision to pivot to a trial of the underlying case, the Court need not do so now.  The only remaining obligation of CCK will be to authenticate the documents it has already produced to Plaintiffs.  Plaintiffs shall not pursue any further discovery on this matter until final judgments are entered and the Court permits such pursuit.

### c. CCK's Interpretation of the Successor Liability Discovery Opinion and Order Is Too Narrow.

The Court would be remiss if it did not briefly acknowledge the conflicting interpretations regarding its Successor Liability Discovery Opinion and Order.  In reaching its conclusions, the Court was cognizant of the fact that Plaintiffs' proposed order (ECF No. 199-18) accompanying their Motion to Permit Discovery Concerning Successorship Pursuant to Fed. R. Civ. P. 25(c) (ECF No. 199), provided: "Plaintiff will be allowed to serve Subpoena Duces Tecum *on RCB Crabcake, LLC* . . . ."[9] (ECF No. 199-18 at p. 1) (emphasis added).  However, the Court was further cognizant of the fact that successor liability discovery might reasonably include discovery against parties other than the alleged successor.  As such, the Court utilized broad language in the final order concluding its Successor Liability Discovery Opinion and

---

[8] To be clear, this prohibition against Plaintiffs' pursuit of successor liability discovery extends beyond RCB Crabcake, LLC and forbids such a pursuit at this juncture against any other entity which Plaintiffs may want to pursue.

[9] Although Plaintiffs proposed order (ECF No. 199-18) only indicated an intent to serve subpoenas on RCB Crabcake, Plaintiffs contend that "a proposed order has no controlling effect, especially when the Court declines to use it . . . ."  (ECF No. 209 at p. 11).  If there exists an odor of gamesmanship permeating the actions surrounding the issue presently before this Court, it is not emanating from CCK.

Order: "Plaintiffs can pursue successor liability discovery solely *as to* RCB . . . ." (ECF No. 203 at p. 11) (emphasis added).

CCK's interpretation of the Court's Successor Liability Discovery Opinion and Order is not an unreasonable one. However, CCK's interpretation is too narrow. While it is true that the Court stated in its Successor Liability Discovery Opinion and Order that Plaintiffs could "pursue successor liability discovery solely *against* RCB Crabcake, LLC[]" (ECF No. 203 at p. 10), CCK mistakenly equates the word "against" with the word "from." (ECF No. 212 at p. 6). Read in the context of the rest of the opinion, "against" evidences the intent of the Court to limit the scope of an investigation into successor liability to only RCB Crabcake, LLC, but not necessarily the persons or entities from whom RCB Crabcake, LLC information might be sought.

### III.  CONCLUSION

For the reasons set forth immediately above, it is hereby ORDERED that:

1. CCK's Motion for a Protective Order and to Quash Subpoenas (ECF No. 207) is GRANTED in light of the Court's determination that judicial efficiency compels the parties currently in the case to proceed to trial. The subpoenas Plaintiffs served on CCK are hereby quashed;

2. To the extent that CCK has already produced documents to Plaintiffs, CCK shall authenticate those documents pursuant to Fed. R. Evid. 902(11) by August 18, 2023; and

3. Plaintiffs' Motion for Extension of Time for Successorship Liability Discovery (ECF No. 208) is DENIED.

The Court will issue a separate order scheduling a conference call for the purpose of selecting a trial date and related deadlines.

Date: August 4, 2023                                  /s/
                                             J. Mark Coulson
                                             United States Magistrate Judge