IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEBORAH GASKE, et al.,** | * | |
| *Plaintiffs,* | * | |
| v. | * | Case No. 1:18-cv-02630-JMC |
| **CRABCAKE FACTORY SEAFOOD HOUSE, LLC, et al.,** | * | |
| *Defendants.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This wage and hour case under the Fair Labor Standards Act ("FLSA") and its state statutory equivalents was originally filed on August 25, 2018, and was conditionally certified as a collective action on January 4, 2019. (ECF Nos. 1, 19). Eventually, eighteen plaintiffs joined the suit of lead plaintiff, Deborah Gaske.[1] Defendants were two corporations, Satellite Restaurants, Inc. Crabcake Factory USA ("Satellite") and Crabcake Factory Seafood House, LLC ("Seafood House" or "the LLC"), and two individual defendants, John Brooks and Krista Schrider. (ECF No. 1).

To say the least, the case has followed a long and winding road, stemming primarily from forays into and out of U.S. Bankruptcy Court by various individual and corporate defendants, changes in counsel by various defendants, the Covid-19 pandemic, and dispositive motions practice as previously described by this Court in its order of February 22, 2024 (ECF No. 231).

---

[1] Two additional plaintiffs originally opted into the collective action but opted out later in 2019.

1

Satellite was the first defendant to enter bankruptcy. (ECF No. 105). Eventually the bankruptcy stay was lifted as to the other defendants (ECF No. 127), and the Court granted a partial summary judgment in Plaintiffs' favor against Defendant John Brooks only on November 15, 2021.[2] (ECF Nos. 153, 154).

Meanwhile, during its bankruptcy, Satellite sold all of its assets to a third party with approval from the Bankruptcy Court, and that third party was relieved of any successor liability by the Bankruptcy Court. (ECF No. 156). Satellite emerged from bankruptcy without a discharge, but with no assets. *Id.* Both Satellite and Seafood House were described as "defunct" when their common counsel filed a motion to withdraw from the case on March 30, 2022. (ECF No. 158 at 2).[3] When no new counsel entered an appearance on their behalf, the Clerk of Court entered default against both corporate defendants on June 30, 2022. (ECF No. 181). Plaintiffs did not pursue an order of default from the Court against either, instead reserving their right to pursue discovery regarding possible successor liability. (ECF No. 194).

The case was scheduled for trial on July 22, 2022, but Krista Schrider filed for bankruptcy on July 14, 2022, and John Brooks filed for bankruptcy the next day. (ECF Nos. 191, 192). Thus, the trial was postponed. (ECF No. 190). Krista Schrider eventually dismissed her bankruptcy case, but John Brooks remains in Bankruptcy Court. Judge Rice lifted the bankruptcy stay as to John Brooks on July 6, 2023, so that the Plaintiffs' claims against him could be valued as part of this litigation, as Plaintiffs had filed an adversary proceeding and Brooks had challenged their

---

[2] That partial summary judgment included a preliminary finding of damages as to each of the then-Plaintiffs in terms of the actual unpaid wages, but left open questions of attorney fees, liquidated and treble damages—and potential increases to the individual underlying wage claims—for trial.

[3] Seafood House had previously been described by counsel as an entity unrelated to the restaurant operations at issue in the case and, in any event, "out of business." (ECF Nos. 106, 118).

proofs of claim. (ECF No. 232 at 9–10). Eventually, on September 14, 2023, the Court rescheduled the trial for March 4, 2024. (ECF No. 216). In the interim, the Court worked with counsel to clarify the issues remaining for trial. (ECF Nos. 218, 219, 223, 224, 225).

In late January or early February of this year, the Court was advised informally through a joint call from counsel that settlement discussions involving some Plaintiffs had become productive, that other Plaintiffs had elected to dismiss their claims, and that a third set of seven (7) Plaintiffs had proven unreachable despite diligent efforts by counsel (the "Absent Plaintiffs"). Plaintiffs' counsel advised that they would be filing a motion to withdraw as to the Absent Plaintiffs.

On February 8, 2024, Plaintiffs' counsel filed a Motion for Leave to Withdraw Appearance As To Absent Plaintiffs. (ECF No. 226). In it, Plaintiffs' counsel indicated counsel last had contact with some Absent Plaintiffs more than eighteen months prior (Plaintiffs D. Ames, J. Becker, T. Cavanaugh and C. Cirnigliaro), with others almost three years ago (Plaintiffs J. Burke and P. Hnyla) and with one almost four years ago (Plaintiff J. Ames). *Id*. Plaintiffs' counsel described efforts to contact each of the Absent Plaintiffs by letter, email and text message. *Id*. Counsel also filed the motion in compliance with Local Rule 101.2 (requiring, *inter alia*, notification of intent to withdraw at least seven days prior to filing any motion to withdraw). *Id*. The Court granted Plaintiffs' counsel's motion, sending its order to the last known address of the Absent Plaintiffs as indicated by Plaintiffs' counsel. (ECF No. 230).

On February 22, 2024, this Court entered an order cancelling the March 4 trial in light of the anticipated settlement of the still-represented Plaintiffs, and the unlikely appearance of the Absent Plaintiffs for trial. (ECF No. 231). The order also scheduled a hearing on the anticipated joint motion to approve settlement for March 11, 2024, and a show cause hearing for the Absent

Plaintiffs for that same date as to why their claims should not be dismissed for failure to prosecute. *Id*. The Absent Plaintiffs were further directed that if they could not attend the March 11, 2024, hearing (even though it was within the window originally set aside for the trial of this matter), they could instead file a pleading in advance of that date. *Id*. The parties filed their Joint Motion for Approval of Settlement Agreement on February 28, 2024. (ECF No. 232). None of the Absent Plaintiffs appeared on March 11 at the show cause hearing/hearing on motion to approve, and none of them filed any pleadings in advance of the hearing. For the reasons articulated at the March 11, 2024, hearing, and as further explained below, the Absent Plaintiffs' claims are dismissed without prejudice for failure to prosecute.

    A.  The Absent Plaintiffs Are Dismissed Without Prejudice for Failure to Prosecute

Pursuant to Rule 41(b), whether on motion of a party or *sua sponte*, the court may involuntarily dismiss an action for failure to comply with the Federal Rules of Civil Procedure or court order. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962), and holding that a court may act on its own to dismiss for failure to prosecute under Rule 41(b) because the power to dismiss under 41(b) is rooted in a court's inherent authority to manage its docket and the disposition of cases). The United States Supreme Court has clarified that, although Rule 41 expressly articulates the court's power to dismiss as a sanction for failure to prosecute or to comply with the Federal Rules, the rule is not the source of that power. Instead, "the power is of ancient origin." *Link*, 370 U.S. at 629–30; *Attkisson*, 925 F.3d at 625 (citing *Link* for this purpose). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 630.

That said, in recognition of the severity of dismissal as a sanction, the Fourth Circuit has identified four criteria that guide a district court's discretion in dismissing a case under Rule 41(b). Such an exercise should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). Those criteria, however, "are not a rigid four-prong test." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Rather, "the propriety" of an involuntary dismissal ultimately depends on "the facts of each case," which the Fourth Circuit reviews to determine "whether the trial court exercised sound discretion." *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974); *see also Link*, 370 U.S. at 633.

Here, the Absent Plaintiffs bear the personal responsibility of their own failure to prosecute because they have stopped communicating with Plaintiffs' Counsel despite repeated attempts by Plaintiffs' Counsel to establish such contact by telephone, text, email, and letter. (ECF Nos. 226, 231). The Absent Plaintiffs further failed to appear for the above-mentioned hearing and did not file any pleadings with the Court in advance of that hearing indicating they wished to proceed with this case. The Absent Plaintiffs' failure to participate in this case has also prejudiced both the active Plaintiffs and the Defendants by hindering the parties' ability to resolve this case, especially given that the active Plaintiffs now seek to settle their claims but have been unable to do so in coordination with the Absent Plaintiffs  There is also a history of the Absent Plaintiffs proceeding in dilatory fashion given their failure to communicate with Plaintiffs' Counsel—for periods ranging from eighteen months to almost four years—leading up to Plaintiffs' Counsel's withdrawal and failure to appear for the March 11, 2024, hearing or file any pleadings in advance of that hearing. Dismissal is the most appropriate sanction because the Absent Plaintiffs' lack of

participation is hindering the active Plaintiffs' ability to settle their claims pursuant to the parties' joint motion for FLSA settlement approval, and this Court to otherwise resolve the Absent Plaintiffs' claims by trial or otherwise.  In short, the Court sees no reason to allow part of a case to remain on its docket when the Absent Plaintiffs have long shown no interest in actively participating, and with no indication that any intends to move forward.[4]  Accordingly, it is this 11th day of March, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that all claims by the Absent Plaintiffs—Daniel Ames, Jessica Ames, Jacob Becker, Jessica Burke, Tamara Cavanaugh, Christine Cirnigliaro, and Peyton Hynla—are hereby dismissed.  The Court will, however, order such dismissal be without prejudice.

Dated:  March 11, 2024                                 _____/s/_____
                                                                            J. Mark Coulson
                                                                            United States Magistrate Judge

---

[4] As a practical matter, between the sale of assets of Satellite, the defunct nature of Seafood House, Brooks' Chapter 7 Proceedings in the Bankruptcy Court, and a challenging claim against Defendant Schrider that rests on proving her an "employer" under the relevant statutes (to say nothing of collectability), it would be understandable why none of the Absent Plaintiffs elected to continue with the stresses and expense of litigation when the prospect for recovery is, at best, tenuous.